RICHARD A. HALL (SBN 135483)
Dee L. Paull (SBN 126152)
**BOTTOMLINE LAWYERS PC**
PO Box 237
Auburn, California 95604
Telephone: (530) 888-7100

Attorneys for Petitioner,
BottomLine Lawyers PC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BottomLine Lawyers PC,<br><br>           Petitioner,<br><br>United States of America,<br><br>           Respondent. | Case No.:  13-1432 (Temp)<br><br>**PETITION TO QUASH SUMMONS PURSUANT TO 26 U.S.C. SECTION 7609(b)(2)**<br><br>**(REQUEST FOR PROCEDURAL MECHANISM REGARDING PRIVILEGES)** |

BottomLine Lawyers PC ("Petitioner") avers the following:

### INTRODUCTION

1. This is a proceeding pursuant to 26 U.S.C. section 7609(b)(2) to quash an Internal Revenue Service ("IRS") summons served by IRS Revenue Agent, Mariama K Jones (ID #08-46982), upon Community First Bank, at Auburn, California.

2. Petitioner is a California professional corporation (#3344900), and its Chief Financial Officer is Richard Hall, an attorney licensed by the State of California, a member of the California State Bar and admitted to practice in the Eastern District of California for the United States District Court. BottomLine Lawyers PC practices business, real estate

**PETITION TO QUASH SUMMONS**

and bankruptcy law in its offices located at 1234 High Street, Auburn, CA 95603. Petitioner was Employer Identification Number (EIN) XX-XXX2515 from its inception till 12/31/2010 and a new EIN, XX-XXX7484, was assigned when the Petitioner incorporated in late December 2010. However, Petitioner did not receive notification of the new EIN until approximately March 2013, which lead to a misapplication of 940 and 941 returns and payments. Subsequently, Petitioner is the subject of an IRS assessment effort regarding penalties and interest on payroll taxes for the period from September 2011 through March 2013. Petitioner's clients are not the subject of any such audit; their identities are not relevant to the accuracy of Petitioner's tax returns.

3. As part of its assessment effort, the IRS issued a summons on November 21, 2013 and received by Petitioner November 30, 2013, to Community First Bank seeking all Petitioner's banking records. In particular, the IRS has sought statements and records pertaining to petitioner's client trust account, which it is obliged to maintain pursuant to California Business and Professions Code section 6211 and Rule 4-100 of the California Rules of Professional Conduct.

4. The basis for this Petition is that production of the documents as summoned by the IRS contravenes the attorney-client privilege between Petitioner and its clients, and its obligations under subdivision (e) of section 6068 of the Business and Profession Code to preserve its clients' confidences. The summons also seeks information, namely client identities, that does not meet the standards of relevancy under 26 U.S.C. section 7602.

**PARTIES**

5. Petitioner is a professional corporation operating in Placer County, California. It is a "person who is entitled to notice of a summons" within the meaning of 26 U.S.C.

**PETITION TO QUASH SUMMONS**

section 7609.

6. The IRS is a United States government administrative agency.

## JURISDICTION AND VENUE

7. This is an action pursuant to 26 U.S.C. section 7609(b)(2) to quash the IRS' summons of Petitioner's banking and financial records served on Community First Bank. This Court has jurisdiction over this proceeding pursuant to 26 U.S.C. section 7609(h)(1) as Community First Bank operates within the Eastern District of California. The address on the Summons is 649 Lincoln Way, Auburn, CA 95603.

## PETITION TO QUASH

8. Petitioner, a professional corporation of licensed California attorneys, is, and at all times herein relevant was, required to maintain a client trust account in which to deposit cost advances and retainers paid by clients and to maintain and disburse client settlement funds. CAL. BUS & PROF. CODE § 6211; CAL. RULES OF PROF'L CONDUCT R. 4-100. Petitioner complied with its duty by establishing and maintaining a client trust account at Community First Bank in Auburn, California.

9. Petitioner receives retainers and/or cost advances from clients in conjunction with its legal representation of the clients. These moneys together with moneys derived from litigating or settling clients' cases are deposited into its client trust account maintained at Community First Bank. Ledger entries, documentation or annotations pertaining to the trust account identify Petitioner's clients providing or receiving these moneys. Petitioner periodically transfers funds from its client trust account into its general operating account. At all relevant times, Petitioner's client trust, general operating account and payroll accounts were maintained at Community First Bank.

10. Checks, ledgers, journal entries and/or other documentation relating to

deposits, transfers, or withdrawal of funds from Petitioner's client trust account and/or general operating account bear annotations disclosing the clients' identities. When the proceeds of a settlement or judgment in a litigation matter are paid to a client, the check drawn on Petitioner's trust account will identify that client in the payee line of the check.

11. Prior to service of the summons at issue here, the IRS NEVER made any request whatsoever for information, be it privileged or not. Petitioner has engaged in good faith efforts to satisfy its outstanding tax obligation, paying off more than 25% of the tax due prior to the issuance of the Summons. Petitioner proposed initiating an installment plan and the Service offered a plan but refused to substantiate the amount sought, which amount was more than 100% greater than Petitioner's records indicated. As of the date of this Petition, IRS has failed to provide the tax, penalty and interest for each period it claims is delinquent. When Petitioner declined to sign the installment agreement until the IRS provided a record of the assessments included in the plan, the subject Summons, and corresponding lien, were immediately issued in retaliation.

15. Despite Petitioner's ongoing good faith and cooperation, on or about November 21, 2013, the IRS served a summons on Community First Bank requesting all books, papers, records and other data concerning all accounts in which Petitioner is identified as having any ownership interests, signatory privileges, rights to make withdrawals or for which it is shown as the trustee, co-signer, guardian, custodian or beneficiary, including Petitioner's client trust account. A true and correct copy of the summons is attached here to as Exhibit A.

16. The IRS summons requires Community First Bank to produce documents and/or provide testimony relating to Petitioner's client trust account, which documents and

testimony are immune from disclosure under the attorney-client privilege and/or are subject to Petitioner's duties of confidentiality to its clients. Client names are irrelevant to the IRS' assessment efforts under 26 U.S.C. section 7602. The money held in trust is the property of Petitioner's clients not subject to IRS levy and not likely to lead to the discovery of relevant information.

17. As the Supreme Court explained in *Arthur Young & Co.* the "realistic expectation rather than an idle hope" test was merely an amplification or alternative explanation of the "might have thrown light upon" test found in *Harrington, Arthur Young & Co.,* 465 U.S. at 813-14, n. 11. Applying either expression of the test of relevancy when considering an IRS summons it is clear that the disclosure of Petitioner's client's names would not even provide a scintilla of useful information and would be extremely damaging to the privacy rights of clients and clients expectations of attorney-client privilege.

18. The summons which the IRS served is overbroad inasmuch as certain documents responsive to the summons do not pertain to the tax periods in question, being 3rd quarter 2011 through 1st quarter 2013. In fact, Petitioner can prove that it has met its tax obligation for all trust funds and only non-trust fund payments for the 2nd, 3rd and 4th quarter of 2012 remain outstanding. The summons should be limited to documents relevant to the subject matter of the IRS's assessment period.

19. Petitioner's status as a professional corporation involves certain obligations and responsibilities with respect to client confidences and privileges. "[The attorney-client privilege is, perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system." *United States v. Bauer,* 132 F.3d 504, 510 (9th Cir. 1997). It serves one of the most important

policies in our legal system. The Supreme Court has articulated that its purpose "is to encourage full and frank communications between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer being fully informed by the client." *Upjohn Co. v. U.S.,* 449 U.S. 383, 389 (1981).

20. The privilege extends to cover both the substance of the client's confidential communications and the attorney's advice in response. *In re Grand Jury Investigation,* 974 F.2d 1068, 1070 (9th Cir. 1992); *In re Fischel,* 557 F.2d 209, 211 (9th Cir. 1977).

21. "The attorney-client privilege applies to communications between lawyers and their clients when the lawyer acts in a counseling and planning role, as well as when lawyers represent their clients in litigation." *United States v. Chen,* 99 F.3d 1495, 1501 (9th Cir. 1996).

22. The names or identities of an attorney's clients are subject to the attorney-client privilege where disclosure *might* serve to make the client the subject of an official investigation or expose him or her to criminal or civil liability. *See, e.g., Baird v. Koerner,* 279 F.2d 623, 632 (9th Cir. 1960); *Hay v. Woods,* 25 Ca1.3d 772, 285 (1979).

23. Under Federal Evidence Rules, Rule 501, the client, whether or not a party, has a privilege to refuse to disclose and to prevent another from disclosing, a confidential communication between the client and the lawyer.

24. California Business and Professions Code section 6068, subdivision (e), requires Petitioner to "maintain inviolate the confidence, and at every peril to himself to preserve the secrets, of his or her client." Rule 3-100 of the Rules of Professional of Conduct requires Petitioner not to reveal information protected from disclosure by Business and Professions Code section 6068, subdivision (e), without the informed consent of the client,

unless Petitioner reasonably believes that disclosure is necessary to prevent a criminal act, which he reasonably believes is likely to result in the death of, or substantial bodily harm to an individual. That sole exception obviously has no applicability here.

25.     The body of information protected by Petitioner's duty of confidentiality is broader than that which is protected by the attorney-client privilege. Cal. State Bar Formal Opns. 1993-133, 1988-96, 1986-87, 1981-58, and 1980-52; RESTATEMENT (THIRD) LAW GOVERNING LAWYERS § 59.

26.     Given the foregoing, Petitioner is under a duty of confidentiality with respect to its clients including that they sought it out for legal advice and/or counseling. Petitioner is under a duty to prevent the unauthorized disclosure of privileged information, including any disclosure by Petitioner. Petitioner also is under a duty to mitigate the unauthorized disclosure of privileged and confidential information. While the IRS has broad power to issue summonses under Internal Revenue Code section 7602, its power remains "subject to the traditional privileges and limitations." *United States v. Euge,* 444 U.S. 707, 714 (1980).

27.     It is nearly certain that the summons at issue will result in the unauthorized disclosure of privileged and confidential information if the proposed procedural mechanisms requested herein are not in place. In particular, Petitioner's clients have rights of financial privacy and importantly are *not* the subject of the IRS assessments at issue in this litigation.

28.     The reason the IRS seeks copies of checks with client names (at least as communicated to Petitioner) is unknown. Such interest, if any, may be satisfied by designating a United States Magistrate Judge pursuant to 28 U.S.C. section 636, subdivision (b)(3) and Eastern District Local Rule 72-302, subdivision (c)(10) to inspect each of the items in question while at the same time preserving Petitioner's obligation to preserve its clients' secrets and confidences.

29.     Petitioner also requests that the Court designate the United States Magistrate

**PETITION TO QUASH SUMMONS**

Judge to conduct an *in camera* review of all documents to be produced under the IRS' summons, hear Petitioner's objections as to privilege and client confidentiality, relevancy and overbreadth and make rulings thereon following briefing by the parties as appropriate.

30.     The Petitioner also requests that any IRS interviews or the taking of testimony of any employees of Community First Bank be conducted before the United States Magistrate Judge, in the presence of Petitioner and its counsel, so that Petitioner can preserve privileges, make objections, as appropriate, and submit those objections to the United States Magistrate Judge for ruling.

31.     Finally, the Petitioner requests that the United States Magistrate Judge make all appropriate findings and recommendations to the United States District Court required under 28 U.S.C. section 636, subdivision (b)(3) concerning the issues raised in this Petition to Quash.

32.     In the absence of the proposed procedural mechanisms, the risk of the unauthorized disclosure of privileged information is high.

33.     Similar procedural mechanisms have been adopted in situations involving IRS summonses seeking privileged information. *See, e.g., United States v. Ackert,* 169 F.3d 136, 138 (2d Cir. 1999) (requiring interview by IRS to be conducted before magistrate judge so that taxpayer could assert privileges); *United States v. Jones,* 1999 U.S. Dist. LEXIS 16855, 1-2 (D.S.C. 1999) (allowing presence of taxpayer at IRS interview due to privilege concerns).

WHEREFORE, Petitioner BottomLine Lawyers PC respectfully requests the Court order as follows:

///

///

A.    Designate a United States Magistrate Judge pursuant to 28 U.S.C. section 636, subdivision (b)(3) and Eastern District Local Rule 72-302, subdivision (c)(10) to inspect the records of Petitioner's client trust account sought under the summons. Petitioner respectfully requests that this Magistrate Judge be empowered, as to other documents, to inspect those documents *in camera* and in Petitioner's presence so that Petitioner can assert any particular privileges, confidentiality issues or relevancy issues for the Magistrate Judge's ruling following, as appropriate, briefing by the parties, following which, and as appropriate, the Magistrate Judge may make findings and recommendations to this Court.

B.    After all issues with respect to the documents have been resolved, provide copies of all redacted, non-privileged, responsive documents to the IRS and a list of documents to Petitioner.

C.    Provide that at any IRS interviews or taking of testimony of Petitioner or of any employees of Community First Bank be conducted before the Magistrate Judge in the presence of Petitioner and its counsel so that Petitioner can assert the attorney-client and other privileges as appropriate to any testimony given at the hearing, and make other appropriate objections, for determination by the Magistrate Judge.

D.    Quash the summons to the extent that it demands production of documents or testimony protected by the attorney-client privilege or otherwise improper.

E.    Require the return of any privileged materials held by the IRS.

F.    Provide that the United States Magistrate Judge shall, as appropriate, and/or required under 28 U.S.C. section 636, subdivision (b)(3) make such other findings and recommendations to this Court as appropriate and/or required.

G.    Provide such other and further relief as the Court deems just and appropriate.

**PETITION TO QUASH SUMMONS**

Dated: December 10, 2013              **BOTTOMLINE LAWYERS**

                                          By:  /s/ Richard A. Hall
                                              RICHARD A. HALL
                                              Attorneys for Petitioner

**Exhibit A**



# Financial Records Summons

**In the matter of** RICHARD HALL, CHIEF EXECUTIVE OFFICER, BOTTOMLINE LAWYERS PROFESSIONAL, (EIN: 26-1502515 / 90-0907484), PO BOX 237, AUBURN, CA 95604-5015
**Internal Revenue Service** *(Identify Division)* SMALL BUSINESS/SELF EMPLOYED
**Periods:** See Attachment 1 to Summons Form 6639 for Period Information

### The Commissioner of Internal Revenue

**To:** COMMUNITY FIRST BANK
**At:** 649 LINCOLN WAY, AUBURN, CA 95603

You are hereby summoned and required to appear before MARIAMA K JONES, an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the taxpayer identified above for the periods shown.
**Copies of documents and records that you possess or control that concern banking matters of the taxpayer named above, as described in the subparagraphs checked below for the periods shown:**

☒ Bank signature cards of *(Entity Name)* BOTTOMLINE LAWYERS PROFESSIONAL
   in effect from 06/01/2011 to 04/30/2013

☒ Corporate resolutions of *(Entity Name)* BOTTOMLINE LAWYERS PROFESSIONAL
   in effect from 06/01/2011 to 04/30/2013

☒ Bank statements of *(Entity Name)* BOTTOMLINE LAWYERS PROFESSIONAL
   from 06/01/2011 to 04/30/2013

☒ *(Number)* 7 Cancelled checks issued each month by taxpayer for *(Entity Name)* BOTTOMLINE LAWYERS PROFESSIONAL
   during each month of the period from 06/01/2011 to 04/30/2013.   ☒ Front of Checks Only   ☐ Both Front and Back of Checks

☒ Loan applications, agreements, and related records, *(including corporate financial statements)*, submitted by, entered into by, or in effect regarding *(Entity Name)* BOTTOMLINE LAWYERS PROFESSIONAL
   from 06/01/2011 to 04/30/2013

**Do not write in this space**

**(Note)** If it appears that your banks reimbursable expenses to be incurred in processing this summons will exceed $750.00 please contact the Revenue Officer named below prior to incurring said expenses. Prior authorization to exceed $750.00 is required from the Revenue Officer. Unauthorized expenses will not be paid.

**Business address and telephone number of IRS officer before whom you are to appear:**

4330 WATT AVE, SA-4306, SACRAMENTO CA 95821-7012 (916) 974-5253 -

**Place and time for appearance: At** PLEASE RESPOND BY MAIL TO:, 4330 WATT AVE SA-4306, SACRAMENTO, CA 95821-7012

## IRS

on the 16th day of December, 2013 at 8:00 o'clock a m.

Issued under authority of the Internal Revenue Code this 21st day of November, 2013

Department of the Treasury
Internal Revenue Service
www.irs.ustreas.gov
Form 6639 (Rev. 8-2010)
Catalog Number 25004I

MARIAMA K JONES
Signature of issuing officer

Signature of Approving Officer *(if applicable)*

REVENUE OFFICER
Title

GROUP MANAGER
Title

Part C -- to be given to noticee

**Attachment 1 to Summons Form 6639**

In the matter of  **RICHARD HALL, CHIEF EXECUTIVE OFFICER, BOTTOMLINE LAWYERS PROFESSIONAL**

Period information: Form 940 for the calendar periods ending December 31, 2011 and December 31, 2012 and Form 941 for the quarterly periods ending June 30, 2011, September 30, 2011, December 31, 2011, March 31, 2012, June 30, 2012, September 30, 2012, December 31, 2012 and March 31, 2013